UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SANFORD H. GREELEY and<br>SHIRLEY A. GREELEY, | ) <br> ) <br> ) | CIV. 10-5003-JLV |
|     Plaintiffs, | ) <br> ) | ORDER GRANTING MOTION<br>TO FILE AMENDED |
|   vs. | ) <br> ) | COMPLAINT AND<br>JOIN ADDITIONAL PARTIES |
| ROBERT D. WALTERS and<br>DARLA K. WALTERS, | ) <br> ) <br> ) | |
|     Defendants. | ) | |

## INTRODUCTION

Pending before the court are plaintiffs' motion for leave to file an amended complaint (Docket 13) and motion for joinder of parties and joinder of claims. (Docket 15). Defendants object to the motions asserting the court does not have jurisdiction over claims involving Wyoming real property. (Docket 17). The motions are ripe for resolution by the court.

## DISCUSSION

Plaintiffs' original complaint asserted a claim for money damages, alleging defendants failed to perform under a contract for the sale and purchase of certain real property located in Butte County, South Dakota (the "Butte County Property"). (Docket 1). Jurisdiction of the court to resolve this claim is premised on diversity of citizenship and damages in

excess of $75,000 as required by 28 U.S.C. § 1332(a)(1).  Id. at ¶ 1.  Defendants' answer admitted the jurisdiction of the court.  (Docket 9, ¶ 9).

Plaintiffs' proposed amended complaint (hereinafter "Amended Complaint") seeks to add additional counts against the original defendants, including claims of deceit and rescission on the basis of fraud and breach of contract, as well as claims for money damages and punitive damages.  (Docket 13-1).  The motions to join additional parties and amend plaintiffs' pleadings were timely filed as required by the scheduling order.  (Docket 12, ¶ 3).  Plaintiffs' motion to amend, however, fails to comply with the requirements of D.S.D. Civ. LR 15.1 which provides "any party moving to amend a pleading shall attach a copy of the proposed amended pleading to its motion . . . with the proposed changes highlighted or underlined so that they may be easily identified."  Because it is evident from the differences between the three-page original complaint and the twenty-page Amended Complaint, this failure to comply with the local rules will be overlooked and the motions will be considered on their merits.

The Amended Complaint relates to not only the contractual relationship of the parties over the Butte County Property, but also two separate parcels of land in Goshen County, Wyoming (the "Goshen County 1040 acres" and the "Goshen County 480 Acres").  Id.  Finally, the Amended Complaint seeks to add plaintiffs' daughter, Shawn Johnson, and

defendants' son, Andrew Walters, as plaintiff and defendant, respectively, because of their association with the Goshen County 480 Acres claim. Id.

Fed. R. Civ. P. 15(a)(2) provides that a party may only amend its pleading at this juncture with the permission of the court. "The court should freely give leave when justice so requires." Id. Leave to amend pleadings should be denied only "in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Department, 241 F.3d 992, 995 (8th Cir. 2001) (internal citations omitted). "The burden of proof of prejudice is on the party opposing the amendment." Id.

Defendants assert the motion to amend should be denied because this court would not have jurisdiction over the newly added claims relating to the two parcels of Goshen County, Wyoming, property. (Docket 17). Defendants claim that adding these Wyoming properties will deprive this court of subject matter jurisdiction under Fed. R. Civ. P. 19(a). Id. "Futility is a valid basis for denying leave to amend." United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009).

Defendants challenge this court's subject matter jurisdiction by virtue of the longstanding common law "local action doctrine." (Docket 17, p. 2).

3

Defendants' position is that under the local action doctrine, a claim may only be made in the district within which the real property is located. Id. The local action doctrine "is established firmly in federal jurisprudence and the case law makes it . . . as clear as anything can be that this distinction exists and that local actions can be brought only where the property involved in the action is located." 14D Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3822 at p. 451 (3d ed. 2007). Defendants argue that even if the court has subject matter jurisdiction, venue is improper because plaintiffs' claims relate to Wyoming real property. (Docket 17, p. 3).

This court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as the original parties, as well as their children, are citizens of different states and the claims of plaintiffs exceed the $75,000 threshold. The court finds it has both subject matter jurisdiction and personal jurisdiction over the parties. Thus, the first question for analysis is that interposed by the defendants–is venue improper under the local action doctrine?

The question of venue is a procedural issue and must be decided under federal law. See Stewart Organization, Inc., v. Ricoh Corp., 487 U.S. 22, 32 (1988). The local action doctrine derives from the common law and provides that actions involving real property, or "local" actions, "can only be brought where the property involved in the action is located." Wright,

Miller, & Cooper, *supra*. Since 1880, the United States Supreme Court has acknowledged that "[l]ocal actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated." Casey v. Adams, 102 U.S. 66, 68 (1880). An "action *in rem*" is defined as "[a]n action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property[.]" Black's Law Dictionary 34 (9th ed. 2004). In contrast, an "action *in personam*" is defined as "[a]n action brought against a person rather than property. An *in personam* judgment is binding on the judgment-debtor and can be enforced against all the property of the judgment-debtor." Id. at p. 33.

Venue is controlled by 28 U.S.C. § 1391, which in material part provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> > (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> >
> > (2) a judicial district in which a substantial part of the events . . . occurred, or a substantial part of the property that is the subject of the action is situated, or
> >
> > (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

5

Id. This federal general venue statute "does not define either a local or transitory action." Raphael J. Musicus, Inc., v. Safeway Stores, Inc., 743 F.2d 503, 506 (7th Cir. 1984).

While issued prior to the 1992 amendments to § 1391, the Court of Appeals for the Eighth Circuit made clear the earlier amendment to that section was "to expand the venue statute by placing venue, in addition to the residency of the parties, at the place where the cause of action arose, which can be construed . . . as the place where performance was to have taken place." Gardner Engineering Corp. v. Page Engineering Co., 484 F.2d 27, 33 (8th Cir. 1973). "Since venue is a procedural rule of convenience, the convenience of the aggrieved party should be first accommodated. The court is always open to a motion based on *forum non conveniens* to be raised by the other party. 28 U. S.C. § 1404." Id. (emphasis in original).

"Proper venue is determined by the characterization of the action as either local or transitory–a determination which, in turn, depends on the type of relief sought." Raphael J. Musicus, Inc., 743 F.2d at 506. See also McAdoo v. Union National Bank of Little Rock, 558 F.2d 1313, 1317 (8th Cir. 1977) (In determining whether a claim is considered a local action or transitory action, this "characterization depends primarily on the nature of the relief actually sought . . . not to some other relief which he might have sought.").

6

"The traditional and well-established distinction, however, is the same as that between *in personam* and *in rem* jurisdiction." Raphael J. Musicus, Inc., 743 F.2d at 506. "The reason for this parallel is simply that, in order to provide *in rem* relief, the court must have jurisdiction over the real property at issue, and a local action must . . . be brought in the jurisdiction in which that real property is located. On the other hand, to provide *in personam* relief, the court need only have personal jurisdiction over the defendant, and thus a transitory action may be brought in any jurisdiction in which the defendant can be found." Id. at 506-07 (emphasis in original). "This same distinction is applied even to the situation in which the plaintiff seeks a personal judgment which will ultimately affect real property–so long as the action is based in fraud, trust or contract. Such an action is considered to be transitory and may be brought in any jurisdiction where there is personal jurisdiction over the defendant." Id. at p. 507.

"In tort cases, when determining whether a substantial part of the events or omissions giving rise to plaintiff's claim occurred . . . in the district for venue purposes, the factors that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt." Wright, Miller & Cooper, *supra*, § 3806.1 at pp. 212-15. "As between the original parties to an action, in a case in which multiple claims are joined, the general rule . . . is that venue must be proper as to each claim."

Id. at § 3808 at p. 253. "This requirement is not a problem if the suit is governed by the general venue statute and venue has been based on residence." Id. at pp. 253-55. "[V]enue based on residence will be proper either for all the claims or none of them." Id. at p. 255,

What makes the present case different from those cited by defendants for invoking the local action rule is that plaintiffs do not seek a decree which directly disturbs title to land in another district. By the Amended Complaint, plaintiffs seek rescission of the alleged contract for the purchase of two parcels (the Butte County Property and the Goshen County 1040 Acres), a refund of the monies paid by plaintiffs toward those purchase prices based on fraud or breach of contract, and money damages. Similarly, the claim of Shawn Johnson against Andrew Walters seeks money damages for funds generated from the Goshen County 480 Acres and allegedly converted to the sole possession of the Walters. (Docket 13-1, p. 13).

In each instance, plaintiffs seek money damages, not title to the particular real property to which the defendants' conduct is related. The Amended Complaint "does not ask the Court to exercise dominion over any property, nor would the exercise of jurisdiction require [the court to quiet title to the land]. The [Amended Complaint] merely seeks to have the Court, utilizing its equitable powers, compel a person to undo a fraudulent conveyance of property. The party charged with perpetrating the fraud, and

8

the party acquiescing in and benefiting [sic] by the fraud are each before the Court. To grant the requested relief the Court would merely be required to declare as to the parties before it that the agreement between them is invalid because of fraud and then . . . [award plaintiffs a money judgment for defendants' conduct]." Sax v. Sax, 294 F.2d 133, 136-37 (C.A. Fla. 1961). A claim to resolve a fraudulent property deal is transitory and may be brought in the District of South Dakota, where the defendants live, although the real property is located in the District of Wyoming. Id.

"[W]hat is clear is that actions for fraud are transitory." Diaz-Barba v. Kismet Acquisition, LLC, 2010 WL 2079738 *5 (S.D. Cal. 2010) (citing Massie v. Watts, 10 U.S. (6 Cranch) 148, 160 (1810) ("[T]his court is of opinion that, in a case of fraud . . . the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.")). "In transitory actions, a court may use its *in personam* jurisdiction over a defendant to indirectly act upon out-of-state real property." Id. (reference to Fall v. Eastin, 215 U.S. 1, 8 (1909) ("A court of equity, having authority to act upon the person, may indirectly act upon real estate in another state, through the instrumentality of this authority over the person."). See First Federal Savings and Loan Association v. Merrimack Valley National Bank, 362 N.E.2d 939 (Mass. App. 1977).

> An action based on fraud, trust, or contract is transitory, although lands not within the jurisdiction of the court may be affected by the decree. Within this principle are suits for specific performance of contracts, even though the subject of the contract is real property. . . . A suit for cancellation of a contract relating to real property is an equitable transitory action that may be instituted before a court having jurisdiction of the parties although the realty involved is not situated within the court's territorial jurisdiction.

Id. at 942 (internal quotation marks omitted). See also Nelson v. Crocker National Bank, 51 Cal. App. 3d 536, 541 (Cal. App. 1975) ("Relief was sought on the ground of fraud or misrepresentation . . . the recovery of title to the property was incidental to the action to cnacel [sic] the promissory note and set aside the deed of trust."); State ex rel. Barrett v. District Court of Pine County, 102 N.W. 869, 871 (Minn. 1905) (suit seeking cancellation of a contract for the sale of land on the ground of fraud and for the recovery of the purchase price was a transitory, not a local action); Calder v. Third Judicial District Court In and For Salt Lake County, 273 P.2d 168, 315 (Utah 1954) (an action for rescission of a contract for the sale of real property on the grounds of fraud or mistake is not one in which the gravamen of the action is the determination of a right or interest in real property).

Because the relief sought by the Amended Complaint "may only have an indirect affect on property lying outside the jurisdiction of this court . . . the action is transitory, requiring the court to have only *in personam* jurisdiction over the defendants." Ely v. Smith, 764 F. Supp. 1413, 1417

(D. Kansas 1991). "In the electronic age, when face-to-face encounters are less common, the letters, facsimiles, e-mails, and telephone calls that are transmitted from, and received in, a district during the negotiation and execution of a contract often are deemed substantial events in the district for venue purposes." Wright, Miller, & Cooper, *supra*, § 3806.1 at p. 212. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Venue is proper pursuant to 28 U.S.C. § 1391(a) as the defendants, including their son Andrew, are all residents of South Dakota and the alleged tortious conduct occurred in South Dakota.[1]

Plaintiffs also seek to join additional parties, their daughter Shawn Johnson, as a plaintiff, and defendants' son Andrew Walters, as an additional defendant. Fed. R. Civ. P. 20 addresses this issue. Permissive joinder of an additional plaintiff may be allowed where "(A) they assert any right to relief jointly, severally, . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the same action." Rule

---

[1] While there may be some material evidence or witnesses for whom litigating these issues in the District of South Dakota may not be the most convenient, a change of venue to the District of Wyoming under 28 U.S.C. § 1404 has not been made, nor does one appear appropriate.

20(a)(1). Similarly, permissive joinder of an additional defendant is allowed "if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2). The decision allowing the permissive joinder of additional plaintiffs or defendants may be made despite the disjunctive nature of the claims or liabilities. "Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Rule 20(a)(3).

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). "Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Id. "The second requisite necessary to sustain a permissive joinder under the rule is that a question of law or fact common to all the parties will arise in the action. The rule does not require that all questions of law and fact raised by the

dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality." Id. at 1334.

The Amended Complaint alleges the same or similar conduct on the part of all defendants. The facts underlying the various real estate transactions asserted against the original defendants may likewise apply to the relationship between Shawn Johnson and Andrew Walters. (Docket 13-1). Similarly, the defendants' original answer acknowledges the intertwining of these real estate transactions:

> Defendants further affirmatively state that during all times material hereto, Plaintiffs and Defendants purchased certain other real property in the names of their children, which property is currently co-owned by their respective children, and that Plaintiffs have been considering a trade of said co-owned property for the subject property and other consideration, and that said delay by Plaintiffs in reference to the trade has further delayed the closing of the sale and purchase of the subject property.

(Docket 9, ¶ 8).

The parties, both plaintiffs and defendants, are interwoven in a number of independent but closely related real estate transactions. By the allegations of the Amended Complaint, these transactions involve and rely on some of the same or associated facts. Joinder of the additional parties and the related claims is appropriate under Rule 20.

## ORDER

Based upon this analysis, it is hereby

ORDERED that plaintiffs' motions for leave to file an amended complaint (Docket 13) and to join additional parties and claims (Docket 15) are granted.

IT IS FURTHER ORDERED that plaintiffs may file their amended complaint. (Docket 13-1).

IT IS FURTHER ORDERED that plaintiffs shall present to the clerk a summons requiring an answer within twenty-one (21) days of service upon Andrew Walters and shall serve the summons, together with a copy of the amended complaint, on Andrew Walters in accordance with the Fed. R. Civ. P. 5.

IT IS FURTHER ORDERED that following the filing of the certificate of service as required by Rule 5 showing proof of service upon Andrew Walters, the caption will be amended to read: "Sanford H. Greeley, Shirley A. Greeley, and Shawn Johnson, Plaintiffs v. Robert D. Walters, Darla K. Walters, and Andrew Walters, Defendants."

Dated March 16, 2011.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE