UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SANFORD H. GREELEY,<br>SHIRLEY A. GREELEY, and<br>SHAWN JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT D. WALTERS,<br>DARLA K. WALTERS, and<br>ANTHONY WALTERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 10-5003-JLV<br><br><br>ORDER GRANTING<br>PLAINTIFFS' MOTION FOR<br>PARTIAL SUMMARY<br>JUDGMENT |

**INTRODUCTION**

On March 23, 2011, plaintiffs filed a multiple count amended

complaint against the defendants.  (Docket 20).  The amended complaint

asserts various claims for breach of contract, deceit and rescission of a

contract for the sale and purchase of certain property in Butte County,

South Dakota, and Goshen County, Wyoming, as well as claims for money

damages and punitive damages.  Id.  Through counsel, on April 13, 2011,

defendants Robert D. Walters and Darla K. Waters ("Walters") filed their

answer to the amended complaint.[1]  (Docket 25).  Counsel for Walters was

---

[1]Defendant Anthony Walters was served with the amended complaint on
April 27, 2011.  (Docket 26-1).  Anthony Walters did not file a responsive
pleading or answer to the amended complaint.  Because his conduct is not
relevant to plaintiffs' motion for partial summary judgment, the court will not
address his default status in this order.

later allowed to withdraw.  (Docket 37).  The order required all three

defendants to notify the court by January 6, 2012, "of replacement counsel,

or if defendants intend to proceed *pro se*."  Id. at p. 2.  All three defendants

were notified by Walters' former counsel of the court's order.  (Docket 38).

No notice of appearance of replacement counsel was filed and the court

concludes all three defendants intended to proceed *pro se.*

On August 3, 2012, plaintiffs Sanford H. Greeley and Shirley A.

Greeley ("plaintiffs" or "Greeleys") filed a motion for partial summary

judgment against Walters.  (Docket 44).  Filed with the motion were

plaintiffs' statement of material facts, a request that the court take judicial

notice of a state court file, and a legal memorandum.  (Dockets 45-47).

Each document contained a certificate of service for Robert D. Walters and

Darla K. Walters at their personal address of record.  (Dockets 44-47).

Under local rules, Walters had twenty-one days to respond to

plaintiffs' motion for summary judgment, plus three days for mailing.  See

D.S.D. Civ. LR 7.1(B) ("On or before 21 calendar days after service of a

motion and brief, unless otherwise specifically ordered by the court, all

opposing parties shall serve and file with the clerk of court a responsive

brief containing the specific points of law with authorities in support thereof

in opposition to the motion.").  Under the local rules and Fed. R. Civ. P. 7

2

and 56, Walters' responses to plaintiffs' motion for partial summary

judgment were due on August 28, 2012.

On September 10, 2012, the court issued an order to show cause

directing Walters to "show cause why summary judgment should not be

entered in favor of plaintiffs . . . on their motion for partial summary

judgment for the reason that . . . [Walters] have defaulted on that motion by

not opposing the motion."[2]  (Docket 48 at p. 2).  Walters were required to

show cause no later than October 12, 2012.  Id.  They did not file a

response or otherwise comply with the show cause order.[3]

_____

[2]The court did not have a duty to advise Walters of their obligation to respond to plaintiffs' partial summary judgment motion and the procedure for doing so.  See Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (finding the court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion for summary judgment); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding district court was not required to instruct a *pro se* litigant on how to properly respond to a summary judgment motion).

[3]Copies of the order to show cause sent by certified mail by the Clerk of Court to Walters at their Spearfish, South Dakota, address of record were returned, but copies of the order directed to Walters' Helena, Montana, address of record were not returned.  See Docket 49.  It is presumed Mr. and Mrs. Walters each received the order to show cause.  "Where . . . [a document] is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course of the mails."  Arkansas Motor Coaches, Ltd., Inc. v. Commissioner of Internal Revenue, 198 F.2d 189, 191 (8th Cir. 1952) (citing Henderson v. Carbondale Coal & Coke Co., 140 U.S. 25 (1891), other citation omitted).

Walters' *pro se* status did not entitle them to disregard the Federal Rules of Civil Procedure.  <u>Bennett</u>, 295 F.3d at 808.  "[P]ro se litigants must [also] comply with court rules and directives."  <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005).  However, their failure to respond to plaintiffs' partial summary judgment motion "does not automatically compel resolution of [the motion] in favor of [plaintiffs]."  <u>United States v. One Parcel of Real Property</u>, 27 F.3d 327, 329 n. 1 (8th Cir. 1994); <u>see also</u> <u>Canada v. Union Electric Co.</u>, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive.").

Fed. R. Civ. P. 56(e) allows for the possibility a party may fail to respond to another party's assertion of fact.  In this situation, the court may consider the fact undisputed or may "grant summary judgment if . . . the movant is entitled to it[.]"  Fed. R. Civ. P. 56(e).  The court must still determine whether summary judgment is appropriate regardless of whether the adverse party failed to respond.  <u>One Parcel of Real Property</u>, 27 F.3d at 329 n. 1; <u>see also</u> <u>Union Electric Co.</u>, 135 F.3d at 1213 (the court "should normally not treat a failure to respond to the motion as conclusive. . . . instead, . . . [the court should] proceed to examine those portions of the record properly before [it] and decide for [itself] whether the motion is well taken.").

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  "[A]dmissions in the pleadings . . . are in the nature of judicial admissions [and are] binding upon the parties, unless withdrawn or amended."  Missouri Housing Development Commission v. Brice, 919 F.2d 1306, 1314 (8th Cir. 1990).

If the undisputed evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate.  Anderson, 477 U.S. at 256.  However, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential

5

element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

Plaintiffs' motion for partial summary judgment focuses on count five of the amended complaint, the breach of contract claim. (Docket 44). The motion requests a judgment against Walters for money improperly retained by them relating to the 160 acre parcel in Butte County, South Dakota. Id. Plaintiffs seek a money judgment for $232,268.47, together with prejudgment interest from July 20, 2008. Id.

To determine whether plaintiffs' motion for partial summary judgment should be granted, the court must analyze plaintiffs' statement of undisputed material facts (Docket 45) in light of the cause of action pled. "[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." Hanna v. Plumer, 380 U.S. 460, 465 (1965) (referencing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). Only then can the court determine whether summary judgment is appropriate. One Parcel of Real Property, 27 F.3d at 329 n. 1.

In South Dakota, a breach of contract claim requires proof of the following: "1. An enforceable promise; 2. A breach of the promise; [and] 3. Resulting damages." Guthmiller v. Deloitte & Touche, LLP, 699 N.W.2d

6

493, 498 (S.D. 2005) (internal citations omitted).  Applying these breach of

contract elements to plaintiffs' statement of material facts (Docket 45), the

court concludes as follows:

**1.    AN ENFORCEABLE PROMISE**

On June 17, 2008,  Walters agreed to sell to Greeleys the following

described real property:

> The South ½ of the North ½ of Section 11, Township 9 North,
> Range 4 East of the Black Hills Meridian, Butte County, South
> Dakota.

(Docket 45 at ¶ 2) ("Butte County property").  The terms and conditions of

the sale and purchase were sufficiently stated.  Id. at ¶ 4; see also Docket

20-1 (the "buy-sell agreement").  Greeleys paid Walters the total

$232,268.47 due under the buy-sell agreement on July 20, 2008.  (Docket

45 at ¶ 5; see also Docket 20-2).

In South Dakota, an agreement for the sale of real property must be

in writing and "describe the land, the price and the parties to the contract."

Jacobson v. Gulbransen, 623 N.W.2d 84, 89 (S.D. 2001).  "It is not

necessary that [the written agreement] provide a precise description of the

land. . . . To be sufficient, the description must merely be clear enough for

extrinsic evidence to precisely identify the land."  Id. (internal citation

omitted).  "A general description of the land which is the subject of the

contract is sufficient, and parol evidence may be admitted to provide the

more particular description." Id. (internal citation omitted).  The buy-sell

agreement "meets the requirement of the statute of frauds that there be

written evidence that the parties reached an agreement." Id.  Plaintiffs had

an enforceable contract with Walters for the sale and purchase of the Butte

County property.  Jacobson, supra.

## 2.    A BREACH OF THE PROMISE

At the time of the buy-sell agreement Walters were purchasers of the

Butte County property "under a contract for deed [with] the Leo and Irene

Erhart Living Trust, Leo L. And Irene M. Erhart, Trustees."  ("Erhart Trust")

(Docket 45 at ¶ 7).  See also Docket 47-1.[4]  Walters failed to make the

payments required of them under the Erhart Trust contract for deed.

(Docket 45 at ¶ 8).  On July 12, 2011, the Erhart Trust obtained a judgment

of foreclosure on the contract for deed against Walters.  Id.  Walters failed to

redeem the property.  Id. at ¶ 11.  Because of the superior right of the

Erhart Trust to the Butte County property, Walters were not capable of

conveying merchantable title to Greeleys under the buy-sell agreement.  Id.

at ¶ 14.  Walters have failed and refused to refund to Greeleys the payments

made by plaintiffs for the purchase of the Butte County property.  Id. at

¶ 13.

---

[4]The court takes judicial notice of the South Dakota state court files
produced by plaintiffs (Dockets 47-1, 47-2, 47-3 & 47-4).  Fed. R. Evid.
201(c)(2).

Because Walters could not convey merchantable title to plaintiffs and did not refund the full purchase price to the Greeleys, defendants breached the contract. "[A] vendor with title which cannot be remedied within a reasonable time is automatically in default . . ." Wolken v. Wade, 406 N.W.2d 720, 724 (S.D. 1987).

**3.    RESULTING DAMAGES**

On July 20, 2008, plaintiffs paid their total obligation of $232,268.47 to Walters. (Docket 45 at ¶ 5; see also Docket 20-2). When Walters were unable to convey merchantable title, they then failed and refused to refund the total purchase price paid to plaintiffs. (Docket 45 at ¶ 13). "[A]s the defendant vendors agreed to sell land to which they had no title, it was impossible for them to specifically perform the contract by conveying the land as they had agreed to do and an action at law for damages was the only remedy . . ." Ford v. Hofer, 111 N.W.2d 214, 218 (1961).

In South Dakota, damages for breach of an agreement to convey real property are governed by SDCL § 21-2-3. That section provides:

> The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon . . . .

Id.

Plaintiffs suffered breach of contract damages of $232,268.47 because of Walters' failure and refusal either to convey merchantable title or refund

the total purchase price paid to them.  The court finds plaintiffs have shown by the undisputed material facts that Walters breached the buy-sell agreement for the Butte County property and plaintiffs are entitled to a money judgment against the Walters, both jointly and severally, for $232,268.47.

In addition, under South Dakota law, prejudgment interest is allowed "from the day that the loss or damage occurred . . . ."  SDCL § 21-1-13.1. That section further provides: "Prejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate of interest specified in § 54-3-16."  The buy-sell agreement did not contain a prejudgment interest rate on damages.  South Dakota law directs prejudgment interest be calculated under § 54-3-16.  Id.

"Category B rate of interest is ten percent per year . . . ."  SDCL § 54-3-16.  Prejudgment interest at ten percent per year upon the sum of $232,268.47 from July 20, 2008, to the date of entry of judgment[5] is calculated as:

| Daily Interest Rate | Number of Days | Prejudgment Interest |
|---------------------|----------------|----------------------|
| $63.64 | 1,661 | $105,706.04 |

---

[5]A judgment will be entered contemporaneously with the filing of this order.

Post-judgment interest allowed on judgments entered in federal court is governed by 28 U.S.C. § 1961.  "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."[6]  28 U.S.C. § 1961(a).

## ORDER

Based on the above analysis, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment (Docket 44) is granted.

IT IS FURTHER ORDERED that plaintiffs Sanford H. Greeley and Shirley A. Greeley are entitled to a money judgment for $232,268.47 against defendants Robert D. Walters and Darla K. Walters, jointly and severally.

IT IS FURTHER ORDERED that plaintiffs Sanford H. Greeley and Shirley A. Greeley are entitled to prejudgment interest of $105,706.04 against defendants Robert D. Walters and Darla K. Walters, jointly and severally, to the judgment date of February 5, 2013.

---

[6]The Board of Governors publication is found at:
http://www.federalreserve.gov/releases/h15/current.

IT IS FURTHER ORDERED that plaintiffs Sanford H. Greeley and Shirley A. Greeley are entitled to post-judgment interest as calculated pursuant 28 U.S.C. 1961(a) against defendants Robert D. Walters and Darla K. Walters, jointly and severally, from the judgment date of February 5, 2013.

Dated February 5, 2013.

BY THE COURT:

/s/ Jeffrey L. Viken
JEFFREY L. VIKEN
CHIEF JUDGE